**Fill in this information to identify the case:**

United States Bankruptcy Court for the <u>Southern District of New York</u>

Case number (*if known*): _____ Chapter <u>11</u>

☐ Check if this is an amended filing

# Official Form 201

## Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  Catalina Marketing Technology Solutions, Inc.

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names
   
   N/A

3. **Debtor's federal Employer Identification Number** (EIN)   27-4018728

4. **Debtor's address**

   **Principal place of business**
   
   200  Carillon Parkway
   Number  Street
   
   Suite 200
   
   St. Petersburg    Florida    33716
   City              State      ZIP Code
   
   Pinellas
   County
   
   **Mailing address, if different from principal place of business**
   
   Number  Street
   
   P.O. Box
   
   City    State    ZIP Code
   
   **Location of principal assets, if different from principal place of business**
   
   Number  Street
   
   City    State    ZIP Code

5. **Debtor's website** (URL)   https://www.catalina.com

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

| Debtor | Catalina Marketing Technology Solutions, Inc. | Case number (if known) 23-____ (__) |
|---|---|---|
| | Name | |

23-10474-pb    Doc 1    Filed 03/28/23    Entered 03/28/23 23:44:24    Main Document
Pg 2 of 17

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax- exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
5418 - Advertising, Public Relations, and Related Services

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first subbox. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11**. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☒ A plan is being filed with this petition.

   ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No

☒ Yes    District  Delaware          When  December 12, 2018    Case number  18-12797 (KG)[1]
                                           MM/ DD/ YYYY

         District  _____        When  _____           Case number  _____
                                           MM / DD / YYYY

---

[1] Debtor's chapter 11 case was jointly administered by the Court under Case No. 18-12794 (KG).

| | | | | |
|---|---|---|---|---|
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** <br> List all cases. If more than 1, attach a separate list. | ☐ No <br> ☒ Yes | Debtor  See Schedule 1 <br> District  Southern District of New York <br> Case number, if known  _____ | Relationship  See Schedule 1 <br> When  March 28, 2023 <br> MM / DD/ YYYY |

**11.  Why is the case filed in this district?**

*Check all that apply:*

☐  Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒  A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.  Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐  It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

  What is the hazard?  _____

☐  It needs to be physically secured or protected from the weather.

☐  It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐  Other  _____

**Where is the property?**  _____
          Number      Street
_____
City                State            ZIP Code

**Is the property insured?**
☐ No
☐ Yes. Insurance agency  _____
       Contact Name  _____
       Phone  _____

---

### Statistical and administrative information

**13.  Debtor's estimation of available funds**

*Check one:*

☒  Funds will be available for distribution to unsecured creditors.
☐  After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14.  Estimated number of creditors**
(on a consolidated basis with all affiliated debtors)

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**
(on a consolidated basis with all affiliated debtors)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**
(on a consolidated basis with all affiliated debtors)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __March 28, 2023__
MM / DD/ YYYY

✗ /s/ Michael Huffmaster    Michael Huffmaster
Signature of authorized representative of debtor    Printed name

President
Title

**18. Signature of attorney**

✗ /s/ Gary T. Holtzer    Date   March 28, 2023
Signature of attorney for debtor    MM / DD / YYYY

Gary T. Holtzer
Printed Name

Weil, Gotshal & Manges LLP
Firm Name

767 Fifth Avenue
Address

New York, New York 10153
City/State/Zip

(212) 310-8000
Contact Phone

Gary.Holtzer@weil.com
Email Address

2401859    New York
Bar Number    State

**Schedule 1**

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"). A motion will be filed with the Court requesting that the chapter 11 cases of each Entity listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of PacificCo Inc.

| COMPANY |
| --- |
| Catalina Marketing Corporation |
| PacificCo Inc. |
| PacificCo Intermediate Corp. |
| PacificCo Acquisition Corp. |
| Catalina Marketing Procurement, LLC |
| Catalina Marketing Technology Solutions, Inc. |
| Modiv Media, LLC |
| Cellfire LLC |
| Catalina Marketing Worldwide, LLC |
| Catalina-Pacific Media, L.L.C. |
| CMJ Investments L.L.C. |
| Supermarkets Online, Inc. |
| Supermarkets Online Holdings, Inc. |
| Catalina Marketing Loyalty Holdings, Inc. |
| Catalina Digital Holdings, LLC |

# UNANIMOUS WRITTEN CONSENT OF
# THE BOARD OF DIRECTORS OF
# CATALINA MARKETING TECHNOLOGY SOLUTIONS, INC.

The undersigned, being all of the members of the Board of Directors (the "**Board**") of Catalina Marketing Technology Solutions, Inc., a Delaware corporation, (the "**Company**"), pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, hereby consent to, authorize, approve, ratify and confirm the following resolutions and actions described herein with respect to the Company by written consent, as of this twenty-eighth day of March, 2023, which shall have the same force and effect, for all purposes, as if such actions had been taken and adopted at a formal meeting:

**WHEREAS**, the Board has reviewed and had the opportunity to ask questions about the materials presented by management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to them and the impact of the foregoing on the Company's business;

**WHEREAS**, the Board has had the opportunity to consult with management and the legal and financial advisors of the Company to fully consider, and have considered, the strategic alternatives available to the Company; and

**WHEREAS**, the Board desires to approve the following resolutions.

**I.      Commencement of Chapter 11 Case**

**NOW, THEREFORE, BE IT RESOLVED**, that the Board has determined, after consultation with management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED**, that any officer of the Company (each, an "**Authorized Officer**") in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, and file in the name and on behalf of the Company, and under its seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, and other documents in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), and, in connection therewith, to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with the Company's chapter 11 case (each, a "**Chapter 11 Case**"), including, without limitation, (i) the payment of fees, expenses, and taxes such Authorized Officer deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case

with a view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and be it further

II.     **Restructuring Support Agreement; Plan and Disclosure Statement**

**RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interests of the Company to enter into a Restructuring Support Agreement (the "**Restructuring Support Agreement**") on terms and conditions substantially similar to those set forth in the form of Restructuring Support Agreement previously provided to the Board; and be it further

**RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interests of the Company to file with the Bankruptcy Court a plan of reorganization (the "**Plan**") and the corresponding disclosure statement (the "**Disclosure Statement**"), in each case, on terms and conditions substantially similar to those set forth in the form of Plan and Disclosure Statement previously provided to the Board; and be it further

**RESOLVED**, that the form, terms and provisions of the Restructuring Support Agreement, and all the exhibits annexed thereto and the execution, delivery and performance thereof and the consummation of the transactions contemplated thereunder by the Company are hereby authorized, approved and declared advisable and in the best interests of the Company, with such changes therein and additions thereto as any Authorized Officer of the Company, who may act without the joinder of any other Authorized Officer, executing the same may in such Authorized Officer's discretion deem necessary or appropriate, it being acknowledged that the execution of the Restructuring Support Agreement and such other documents, agreements, instruments and certificates as may be required or contemplated by the Restructuring Support Agreement, as applicable, shall be conclusive evidence of the approval thereof; and be it further

**RESOLVED**, that the form, terms and provisions of the Plan and Disclosure Statement and all the exhibits annexed thereto and the execution, delivery and performance thereof and the consummation of the transactions contemplated thereunder by the Company are hereby authorized, approved and declared advisable and in the best interests of the Company, with such changes therein and additions thereto as any Authorized Officer of the Company, who may act without the joinder of any other Authorized Officer, executing the same may in such Authorized Officer's discretion deem necessary or appropriate, it being acknowledged that the execution of the Plan and Disclosure Statement and such other documents, agreements, instruments and certificates as may be required or contemplated by the Plan and Disclosure Statement, shall be conclusive evidence of the approval thereof; and be it further

**RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform the obligations arising under, the Restructuring Support Agreement, the Plan and Disclosure Statement, substantially in the forms previously presented to the Board, together with such other documents, agreements, instruments and certificates as may be required by the Restructuring Support Agreement, including the Plan and Disclosure Statement; and be it further

**RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Restructuring Support Agreement, Plan and Disclosure Statement and/or any of the related documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

### III. Retention of Advisors

**RESOLVED**, that, in connection with the Company's Chapter 11 Case, any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to employ and retain all assistance in the name and on behalf of the Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals which such Authorized Officer deems necessary, appropriate, or desirable in connection with such employment and retention of professionals set forth in this resolution, with the view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and be it further

**RESOLVED**, that the firm of FTI Consulting, Inc., located at Three Times Square, 9th Floor, New York, NY 10036, is hereby retained as financial advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Houlihan Lokey, located at 245 Park Avenue, 20th Floor, New York, NY 10167, is hereby retained as investment banker for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, NY 10153, is hereby retained as attorneys for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Kurtzman Carson Consultants LLC, located at 1290 Avenue of the Americas, 9th Floor, New York, NY 10104, is hereby retained as claims, noticing and solicitation agent for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

### IV. General Authorization and Ratification

**RESOLVED**, that any Authorized Officers, in each case acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions that in the judgment of the Authorized Officer shall be or become necessary, proper, or desirable in connection with the Chapter 11 Case; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects; and be it further

**RESOLVED**, the secretary or assistant secretary of the Company is authorized to place a copy of these resolutions in the official records of the Company to document the actions set forth herein as actions taken by the Board.

[*Signature Page to Follow*]

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of the Company have executed this unanimous written consent as of the date first set forth above.

By: *Michael Huffmaster*
Michael Huffmaster
Director

[*Signature Page to Unanimous Written Consent of the Board of Directors of Catalina Marketing Technology Solutions, Inc.*]

**Fill in this information to identify the case:**

Debtor name: Catalina Marketing Technology Solutions, Inc.

United States Bankruptcy Court for the Southern District of New York (State)

Case number (*If known*): 23-____ ( )

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                                                                                                                   12/15

A list of consolidated creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Beeswax IO Corporation<br>Attn.: Todd Keats<br>275 7th Avenue, 21st Floor<br>New York, New York 10001 | Attn.: Todd Keats<br>Email: tkeats@freewheel.com | Trade Vendor | | | | $3,701,723.55 |
| 2 | [On file] | [On file] | Trade Vendor | | | | $3,471,983.55 |
| 3 | [On file] | [On file] | Trade Vendor | | | | $3,171,390.65 |
| 4 | LTIMindtree Limited<br>Attn: Tejumurthy Nanjegowda<br>Global Village, RVCE Post, Mysore Road<br>Bengaluru<br>560 059<br>Karnataka, India<br><br>LTIMindtree Limited<br>Attn: Legal Department<br>Global Village, RVCE Post, Mysore Road<br>Bengaluru<br>560 059<br>Karnataka, India | Attn.: Tejumurthy Nanjegowda<br>Email: Tejumurthy.Nanjegowda@mindtree.com | Trade Vendor | | | | $2,155,718.81 |
| 5 | CMW Holdco, Inc. d/b/a 4INFO, Inc.<br>Attn.: Mari Tangredi<br>1675 Broadway, 22nd Floor<br>New York, New York 10019 | Attn.: Mari Tangredi<br>Email: mtangredi@cadent.tv | Trade Vendor | | | | $1,866,063.33 |

Debtor  Catalina Marketing Technology Solutions, Inc.    Case number (if known)  23-_____ ( )
         Name

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 6 | GlobalLogic, Inc.<br>Attn.: Dinesh Singh<br>1741 Technology Drive, 4th Floor<br>San Jose, California 95110<br><br>GlobalLogic, Inc.<br>Attn.: Legal Department<br>1741 Technology Drive, 4th Floor<br>San Jose, California 95110 | Attn.: Dinesh Singh<br>Email: dinesh.singh@globallogic.com | Trade Vendor | | | | $1,785,701.89 |
| 7 | [On file] | [On file] | Trade Vendor | | | | $1,683,037.00 |
| 8 | Microsoft Corporation<br>Legal and Corporate Affairs<br>Volume Licensing Group<br>Attn: Jason Wingenbach<br>One Microsoft Way<br>Redmond, Washington 98052 | Attn: Jason Wingenbach<br>Email: jason.wingenbach@microsoft.com | Trade Vendor | | | | $1,642,394.93 |
| 9 | Epson America Inc.<br>Attn: Andrea Zoeckler<br>3131 Katella Avenue<br>Los Alamitos, California 90720<br><br>Epson America Inc.<br>Attn: Legal Department<br>3131 Katella Avenue<br>Los Alamitos, California 90720 | Attn: Andrea Zoeckler<br>Email: Andrea.Zoeckler@ea.epson.com | | | | | $1,130,688.79 |
| 10 | [On file] | [On file] | Trade Vendor | | | | $848,773.86 |
| 11 | LiveRamp, Inc.<br>Attn.: Max Carranza<br>225 Bush Street, Floor 17<br>San Francisco, California 94104<br><br>LiveRamp, Inc.<br>Attn.: Legal Department<br>225 Bush Street, Floor 17<br>San Francisco, California 94104 | Attn.: Max Carranza<br>Email: mcarranza@liveramp.com | Trade Vendor | | | | $755,549.02 |
| 12 | Graphic Controls LLC<br>Attn.: Sam Heleba, CEO<br>400 Exchange Street<br>Buffalo, New York 14204 | Attn.: Sam Heleba, CEO<br>Email: sheleba@nisshamedical.com | Trade Vendor | | | | $686,988.54 |

| Debtor | Catalina Marketing Technology Solutions, Inc. | Case number (if known) | 23-_____ (  ) |
|---|---|---|---|
| | Name | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 | Genpact (UK) Limited<br>Attn:  Margrate Vilate<br>5 Merchant Square, 5th Floor<br>London W21AY<br>United Kingdom<br><br>Genpact (UK) Limited<br>Attn:  General Counsel<br>5 Merchant Square, 5th Floor<br>London W21AY<br>United Kingdom | Attn: Margrate Vilate<br>Email:  margrate.vilate@genpact.com | Trade Vendor | | | | $650,154.07 |
| 14 | Concentrix Solutions Corporation<br>Attn.:  Susan Stokes<br>3750 Monroe Ave<br>Pittsfield, New York 14534<br><br>Concentrix Solutions Corporation<br>Attn.:  Legal Department<br>3750 Monroe Ave<br>Pittsfield, New York 14534 | Attn.:  Susan Stokes<br>Email: susan.mann@concentrix.com | Trade Vendor | | | | $353,813.89 |
| 15 | Information Resources Inc.<br>Attn.:  General Counsel, Legal Department<br>4766 Payshpere Circle<br>Chicago, Illinois 60674<br><br>Information Resources Inc.<br>Attn.:  Shelly Murphy<br>4766 Payshpere Circle<br>Chicago, Illinois 60674 | Attn.:  General Counsel, Legal Department<br>Email:  General.Counsel@iriworldwide.com<br><br>Attn:  Shelly Murphy<br>Email:  Shelly.Murphy@iriworldwide.com | Trade Vendor | | | | $322,029.09 |
| 16 | Barrister Global Services Network, Inc.<br>Attn.:  John Bowers, CEO<br>P.O. Box 1790<br>Mandeville, Louisiana 70471-1790 | Attn.:  John Bowers, CEO<br>Email:  jbowers@barrister.com | Trade Vendor | | | | $283,336.85 |
| 17 | [On file] | [On file] | Trade Vendor | | | | $235,093.38 |
| 18 | DoubleVerify Inc.<br>Attn.:  Cynthia Norris<br>28 Crosby Street<br>New York, New York 10013 | Attn.:  Cynthia Norris<br>Email: cynthia.norris@doubleverify.com | Trade Vendor | | | | $216,519.14 |
| 19 | [On file] | [On file] | Trade Vendor | | | | $208,636.46 |
| 20 | Kodak Alaris Inc.<br>Attn.:  Jeffrey Moore<br>336 Initiative Drive<br>Rochester, New York 14624 | Attn.:  Jeffrey Moore, Director, Americas Services<br>Email:  Jeffrey.Moore@kodakalaris.com | Trade Vendor | | | | $194,251.12 |

Official Form 204    List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders    Page 3

| Debtor | Catalina Marketing Technology Solutions, Inc. | Case number (if known) | 23-_____ ( ) |
|---|---|---|---|
| | Name | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | [On file] | [On file] | Trade Vendor | | | | $182,593.46 |
| 22 | Partegra LLC<br>Attn: Anthony Siracuse, CEO<br>321 E. Exchange Parkway<br>Allen, Texas 75002 | Attn.: Anthony Siracuse, CEO<br>Email: asiracuse@partegra.com | Trade Vendor | | | | $182,395.83 |
| 23 | Advanced Systems<br>Attn.: Ken Leynse, President<br>15373 Roosevelt Blvd, Suite 200<br>Clearwater, Florida 33760 | Attn.: Ken Leynse, President<br>Email: ken.leynse@advsys.us | Trade Vendor | | | | $181,900.41 |
| 24. | United Parcel Service, Inc.<br>Attn.: Mike Betancourt, Sr. Account Executive<br>55 Glenlake Parkway, NE<br>Atlanta, Georgia 30328 | Attn.: Mike Betancourt, Sr. Account Executive<br>Email: mikebentancourt@ups.com | Trade Vendor | | | | $174,595.18 |
| 25 | Cloudera, Inc.<br>Attn.: Matt Lawless<br>5470 Great American Parkway, Suite 200<br>Santa Clara, California 92054<br><br>Cloudera, Inc.<br>Attn.: Legal Department<br>5470 Great American Parkway, Suite 200<br>Santa Clara, California 92054 | Attn.: Matt Lawless<br>Email: mlawless@cloudera.com | Trade Vendor | | | | $168,771.28 |
| 26 | [On file] | [On file] | Trade Vendor | | | | $166,065.83 |
| 27 | Experian Marketing Solutions, LLC<br>Attn.: Clint Sesow<br>955 American Lane<br>Schaumburg, Illinois 60173<br><br>Experian Marketing Solutions, LLC<br>Attn.: Head Marketing Services Counsel<br>955 American Lane<br>Schaumburg, Illinois 60173 | Attn.: Clint Sesow<br>Email: clint.sesow@experian.com | Trade Vendor | | | | $151,468.69 |
| 28 | Free Stream Media Corp, dba Samba TV<br>Attn.: McAdory Lipscomb, III<br>123 Townsend Street, Suite 500<br>San Francisco, California 94107<br><br>Free Stream Media Corp, dba Samba TV<br>Attn.: Legal Counsel<br>123 Townsend Street, Suite 500<br>San Francisco, California 94107 | Attn.: McAdory Lipscomb, III<br>Email: mcadory@samba.tv | Trade Vendor | | | | $150,110.38 |
| 29 | Pomeroy Technologies, LLC<br>Attn.: Doug Stine, VP Client Services<br>1020 Petersburg Road<br>Hebron, Kentucky 41048 | Attn.: Doug Stine, VP Client Services<br>Email: douglas.stine@pomeroy.com | Trade Vendor | | | | $148,755.88 |

| Debtor | Catalina Marketing Technology Solutions, Inc. | Case number (if known) | 23-_____ ( ) |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 30 Datadog, Inc.<br>Attn: Shea Fitzgerald<br>620 8th Avenue, 45th Floor<br>New York, New York 10018<br><br>Datadog, Inc.<br>Attn: Legal Department<br>620 8th Avenue, 45th Floor<br>New York, New York 10018 | Attn: Shea Fitzgerald<br>Email: shea.fitzgerald@datadoghq.com | Trade Vendor | | | | $132,936.94 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
: 
In re : Chapter 11
:
**CATALINA MARKETING** : Case No. 23–_____ (    )
**TECHNOLOGY SOLUTIONS, INC.,** :
:
Debtor. :
:
---------------------------------------------------------- x

## LIST OF EQUITY HOLDERS[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct or indirect ownership interest, of the above-captioned debtor in possession (the "**Debtor**").

Check applicable box:

☐    There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒    The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| Catalina Marketing Corporation<br>200 Carillon Parkway, Suite 200<br>St. Petersburg, Florida 33716 | Common Stock | 100% |

---

[1] This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the Debtor's chapter 11 case.

**Fill in this information to identify the case:**

Debtor name: Catalina Marketing Technology Solutions, Inc.

United States Bankruptcy Court for the: Southern District of New York
(State)

Case number (*If known*): 23-_____ ( )

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule _____
- ☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☒ Other document that requires a declaration  List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  March 28, 2023
MM /DD /YYYY

X  /s/ Michael Huffmaster
Signature of individual signing on behalf of debtor

Michael Huffmaster
Printed name

President
Position or relationship to debtor